Leo Fox, Esq.
*Attorney for the Debtors-Plaintiffs*
630 Third Avenue – 18th Floor
New York, New York 10017
(212) 867-9595
leo@leofoxlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
IN RE:                                                                                                  (Jointly Administered)

JUS BROADCASTING CORPORATION,                                      Case No.  24-45180 (JMM)
JUS PUNJABI LLC,                                                                     Case No.  24-45181 (JMM)
JUS ONE CORP.,                                                                       Case No.  24-45182 (JMM)

                                                         Debtor.
------------------------------------------------------------------------X
JUS BROADCASTING CORPORATION,
JUS PUNJABI LLC,
JUS ONE CORP.,

                                                         Debtors-Plaintiffs,

           -    against    -                                                                    Adv. Proc. No. 25-_____

KASHMIR GIL,

                                                         Defendant.
------------------------------------------------------------------------X

### COMPLAINT TO OBTAIN DECLARATORY RELIEF SUBORDINATING CLAIM OF DEFENDANT FOR DISTRUBITION UNDER 11 U.S.C. §510(b)

The above Debtors and Debtors-in-Possession (the "*Debtors-Plaintiffs*") in this Adversary Proceeding, by their undersigned attorneys, in support of their Complaint against the Defendant, Kashmir Gill ("*Gill*"), to subordinate Gill's claim (the "*Claims*") for distributions purposes hereby alleges upon information and belief.  Debtors-Plaintiffs reserve all their rights to assert additional objections to and motions to reclassify such Claims.

## JURISDICTION

1. This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to the Debtors'-Plaintiffs' cases under title 11, in the United States Bankruptcy Court for the Eastern District of New York, Case Nos. 24-45180 (JMM), 24-45181 (JMM) and 24-45182 (JMM) (Jointly Administered) pursuant to 28 U.S. C. §§ 157 and 1334(b).

2. Gill has filed Claims against each of the three (3) Debtors, all identical, each in the amount of $2,178,904. These claims concern the reclassification, allowance, and subordination of claims under 11 U.S.C. §§ 501, 510 and 541 of the Bankruptcy Code and 28 U.S.C. §157(b)(2)(A), (B), (C), (H) and (O). This Adversary Proceeding is a "*core*" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2). Debtors-Plaintiffs consent to the Bankruptcy Court's entry of a final Order in this Adversary Proceeding.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1409 in that this proceeding arises in and relates to a bankruptcy case pending in the district and to the Claims alleged by Gill which was filed in the Bankruptcy Court in this District.

## BACKGROUND

4. On December 11, 2024, an Order for relief under Chapter 11 of the Bankruptcy Code (the "*Bankruptcy Code*") was entered in connection with the Chapter 11 filing by Jus Broadcasting Corporation, Jus Punjabi LLC and Jus One Corp. (the "*Debtors-Plaintiffs*") in the United States Bankruptcy Court for the Eastern District of New York (under Bankruptcy Case Nos. 24-45180 (JMM), 24-45181 (JMM) and 24-45182 (JMM) (Bankruptcy Judge Jil Mazer-Marino). The cases were procedurally consolidated by Order dated December 19, 2025 (the "*Bankruptcy Case*").

5. On April 28, 2025, Gill filed a claim in each of the three (3) cases each in the amount of $2,178,904.08 (*Exhibits A, B and C*).

6. The Debtors are corporate entities owned by Penny K. Sandhu ("*Sandhu*"), also alleged to be a Defendant in the District Court Action along with an additional Defendant named Jus Broadcasting Corp. PVT Ltd. a foreign corporation (the "*District Court Defendant*"). The Debtors have scheduled Gill's Claims in their bankruptcy filings as disputed claims.

## PARTIES

7. Plaintiffs are the Debtors, which cases have been procedurally consolidated by Court Order. These Debtors-Plaintiffs maintain and operate their business as Debtors-In-Possession, under Chapter 11 of the Bankruptcy Code, at the premises located at 36-01 36th Avenue, Long Island City, New York 11106.

8. Gill is an individual who resides at 51 Stanton Road, Morganville, New Jersey 07751 and who filed Claims against the three (3) Debtors asserting claims in the amount of $2,178,904.08 each (see Exhibits A, B and C). As noted in the Addendum to the Proof of Claim, each of the Claims refers to an Amended Complaint which was filed in the United States District Court for the Eastern District of New York (Index No. 19-cv-04216) (the "*District Court Action*") which is the subject of the pending Motion to Refer this District Court Action to the Bankruptcy Court for the Eastern District of New York. In the meantime, while the Motion is *sub judice*, Gill filed the Claims in the Bankruptcy Court which confer jurisdiction on this Court.

## AMENDED COMPLAINT

9. On or about January 6, 2020, Defendant filed the Amended Complaint (the "*Complaint*") in District Court Action against the District Court Defendants (*Exhibit D*). The allegations state that Gil had made multiple payments to the Debtors-Plaintiffs and that Gill alleges

3

these payments were consideration in exchange for a 50% partnership or stockholder interest in the corporate Defendants (Decision of District Court Judge Dora L. Irizarry dated September 6, 2024 – Page 1) (*Exhibit F*) and that Gill and Sandhu memorialized their agreement in 2013 by signing a dollar bill that said "*partnership for life 3/4/2013*" which Gil alleged was a traditional way in India to make a business agreement legal.

10. The Proofs of Claim in this case state that the claim "*emanates*" from advances by Gill to Sandhu for a 50% equity interest in the three (3) Debtor entities and Jus Broadcasting Corp. PVT Ltd. (Addendum to Proof of Claim) (see Exhibits A, B and C), i.e., that the advances were equity or capital contributions until Sandhu refused to acknowledge the equity interests of Gil and that such advances became loans.

11. The Complaint alleges a total of 12 causes of action all related to Gill's theory that the payments which were allegedly made by Gill to the District Court Defendants were on account of equity interests which converted to loans once the District Court Defendants refused to acknowledge Gill's equity participation. The causes of action allege fraud, breach of contract, accounting, promissory estoppel, conversion (on the grounds that the monies were not used as Gill intended them to be used), deceit, dissolution (on the grounds of the alleged fraudulent activities leveled against Gill ("*a minority shareholder*") (Complaint ¶104), dissolution under New York Business Law §1104-a, unjust enrichment and piercing the corporate veil.

12. The District Court Defendants denied the allegations.

13. The allegations of the Complaint confirm that all of the allegations relate to this attempt by Gill to obtain an equity interest in the Debtors-Plaintiffs and the fact that the Debtors-Plaintiffs and Sandhu denied and refused to provide such equity interests. Indeed, the entire Complaint makes this point repeatedly as noted below.

  a. Complaint ¶8 – District Court Defendants borrowed money under false pretenses for an interest in the Debtors-Plaintiffs Corporation.

  b. Complaint ¶9 – District Court Defendants fraudulently insisted Debtors-Plaintiffs are concealing designs and motives.

  c. Complaint ¶9 – District Court Defendants made false claims that advanced funds by Gill were investments into Plaintiffs corporations.

  d. Complaint ¶15 – Gill, on November 30, 2011, decided not to invest in Sandhu's company.

  e. Complaint ¶17 – from December 2011 through February 28, 2013, Gill advanced funds.

  f. Complaint ¶24 – Gill started exploring possibility of Gil becoming a partner "*he would entertain the partnership only if he gets 50% partnership interest*".

  g. Complaint ¶24 – March 4, 2013, relied on becoming an equal partner despite there being "*no writing*".

  h. Complaint ¶25 – Gill was to be partner for life to be kept secret as a ploy.

  i. Complaint ¶26 – Gill came up with $450,000 to pay Advani "*as a condition for the Partnership Agreement*".

  j. Complaint ¶29 – June 2013 – Sandhu was to restructure the partnership.

  k. Complaint ¶32 – Gill would surrender his shares to maintain equal partner status if Sandhu's daughter gets shares.

  l. Complaint ¶41 – November 2014, Sandhu advised that this partnership may not work.

    m. Complaint ¶42 – November 2014, Gill talks with Sandhu were a setup to exploit money under the false pretense of advancing a partnership interest.

    n. Complaint ¶43 – December 2014, Gill realized that Sandhu may have betrayed him, but she insisted that they are partners.

    o. Complaint ¶44 – Gill pleaded for a Shareholder Agreement.

    p. Complaint ¶45 – After the launch party in December 2014, Gill felt betrayed that Sandhu never agreed to the partnership.

    q. Complaint ¶47 – February 2015, Gill asked again for a partnership.

    r. Complaint ¶48 – Gill funded a $40,000 settlement.

    s. Complaint ¶49 – January 2016, Gill funded a studio in India.

    t. Complaint ¶51 – September 2, 2016 –Gill signs letter confirming he is a shareholder.

    u. Complaint ¶55-56 – February 2017, Gill paid $100,000 for UK platform.

    v. Complaint ¶59 – April 14, 2017 - email exchange "*loans not equity*".

    w. Complaint ¶60 – May 2017 – Gill's Accountants letter to Gill claiming his partnership in the then Debtors not Jus Broadcasting Corporation PVT Ltd..

    x. Complaint ¶60 – June 5, 2017 – Gill could not access his email.

    y. Complaint ¶62 – Fraudulent activities misleading.  Sandhu set up a façade of partnership.

    z. Complaint ¶65 – Sandhu's Fraudulent Activities to mislead Gill.

  14. The First Cause of Action ¶64 – The Complaint alleges fraudulent activities to mislead Gill into setting up a facade of partnership and for stalling litigation by means of. Sandhu's duplicitous actions and these fraudulent acts caused Gill to advance funds on the express promise

that the funds would be used for the purchase of 50% of Sandhu's stockholder interest (Complaint ¶65) and the promises were fraudulent inasmuch as the transfer never occurred (Complaint ¶67).

15. The Second Cause of Action - ¶68 – alleged that Sandhu held a fiduciary obligation to her partner, Gill, and attempted to relegate Gill to being a lender which resulted in damage to Gill by her misconduct and that Gill was entitled to a full disgorgement of all profits.

16. The Third Cause of Action - ¶73 – alleges again that Sandhu owes fiduciary duties to Gill as a business partner and failed to disclose the revenues for the purpose of preventing Gill from discovering these improper transfers which Gill was entitled to as a partner.

17. The Fourth Cause of Action - ¶74 – for accounting, alleges that a director or officer may bring an action to compel another director or officer to account for official conduct, in this case, including the loss or waste of corporate assets, that Sandhu's conduct denied Gill's rights as partner and freezing him out of the management and affairs of the companies served to defeat Gill's expectations central to his long standing participation in the venture (Complaint ¶77) and that Sandhu refused to allow Gill to review the books and records.

18. The Fifth Cause of Action - ¶79 – alleges Sandhu breached the contract to deliver a 50% partnership to Gill.

19. The Sixth Cause of Action - ¶84 – for Promissory Estoppel – alleges that in reliance on Debtors-Plaintiffs promise that Gill was a partner Gill refrained from commencing litigation.

20. The Seventh Cause of Action - ¶ 90 – for conversion – alleges that Sandhu used false pretenses to obtain funds from Gill promising him an equal ownership interest which funds exceed $2,000,000 depriving Gill of his money and that Sandhu converted those funds and once Gill realized the partnership projection was a façade he asked the return of his monies which was refused.

21. The Eighth Cause of Action - ¶ 97 – for deceit – alleges that Sandhu promised Gill was a partner upon which Gill invested more than $2,000,000 which offer was made with the intent to defraud Gill.

22. The Ninth Cause of Action - ¶102 – for dissolution of the Debtors-Plaintiffs – alleges that the Debtors-Plaintiffs defrauded Gill in the funding of shares.

23. The Addendum to the Proof of Claim filed in each of the within cases alleges that Gill advanced funds and "*the advances became loans in the Debtors-Plaintiffs entities and Jus Broadcasting Corp. PVT Ltd. when Penny K. Sandhu refused to convey one-half (½)interest in each entity for an equity participation*".

24. All allegations from the inception of the transactions in 2011 through 2017 allege attempt to obtain an equity interest not a payment of a loan.

25. All allegations state their purported rights to equity using the terms "*investment*", "*partner*" "*co-partner*" and "*membership*".

26. All the allegations are made on the basis that the Defendants refused to turn over equity interests to Gill.

27. None of the allegations in the Complaint allege a form of loan or Promissory Note or other proof of a borrowing by the Debtors-Plaintiffs, or any interest rate that would be applicable in the event of a "*breach*" to deliver a partnership interest to Gill.

28. The allegations refer only to an alleged "*Partnership Agreement*" containing a writing on a dollar bill.

29. The investments that Gill complains of not receiving (the "*Claimed Investments*") are securities within the meaning of §101(49) of the Bankruptcy Code.

30. The Claimed Investments are alleged to include dividends and other rights associated with equitable interests such as voting rights and rights to profits.

31. Gill alleged he voluntarily and willingly negotiated for the Claimed Investments instead of proposed loans.

32. Gills claims arose from a securities transaction in that the "*transaction*" is part of the causal link leading to Gills Claims whether or not Gill actually received the Claimed Investment.

33. Gill's Claimed Investments are subordinated under §501(b) even if the claims are for recission or for damages when the Defendants have not been unjustly enriched when the restitutionary claim equals the claim for damages.

**WHEREFORE** the Debtors-Plaintiffs request that the three (3) Gill Claims filed in the three (3) Debtor cases be subordinated as to priority of distribution behind the claims of the general unsecured creditors pursuant to the provisions of §510(b) of the Bankruptcy Code and that the Court grant Debtors-Plaintiffs such other and further relief as the Court deems proper.

Dated: New York, New York
May 13, 2025

Respectfully submitted,

***JUS BROADCASTING CORPORATION***
***JUS PUNJABI LLC***
***JUS ONE CORP.***
***Debtors***

By:   */s/ Leo Fox*
Leo Fox, Esq.
*Attorney for the Debtors-Plaintiffs*
630 Third Avenue – 18th Floor
New York, New York 10017
(212) 867-9595
leo@leofoxlaw.com