JACOBS, P.C.  
*Attorneys for the Defendant,*  
*Kashmir Gill*  
717 Fifth Avenue - 17th Floor  
New York, NY 10022  
(212) 229-0476  
Wayne M. Greenwald

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

In re:

JUS ONE CORP.,
JUS BROADCASTING CORPORATION,
JUS PUNJABI LLC,

         Debtors,

Administratively Joined
Case No.: 24-45180-JMM
Case No.: 24-45181-JMM
Case No.: 24-45182-JMM
**Chapter 11**

-------------------------------------------------------------x

JUS ONE CORP.,
JUS BROADCASTING CORPORATION,
JUS PUNJABI LLC,

         Debtors-Plaintiffs,

vs.

KASHMIR GIL,

         Defendant.

Adv. Proc. No.: 1-25-01052

-------------------------------------------------------------x

**MOTION TO DISMISS COMPLAINT,**
**PURSUANT TO FED.R.BANKR.P. 7012,**
<u>**WITH POINTS AND AUTHORITIES**</u>

TO:   **HON. JIL MAZER-MARINO**
      **UNITED STATES BANKRUPTCY JUDGE**

1

The Defendant, KashMir Gill, by his attorneys represents:

**PRELIMINARY STATEMENT**

1. Mr. Gill asks this Court to enter orders: a.) pursuant to Fed.R.Civ.P. 12(b)(6), made applicable to this action, by Fed.R.Bankr.P. 7012, dismissing this action and its Complaint (the "Complaint" a copy of which is annexed hereto as Exhibit "A") for failing to state a claim for which relief can be granted; and b.) granting such other and further relief as this Court deems proper (the "Motion.")

2. The Motion should be granted and this action dismissed because:

    a.) the Complaint's own allegations and exhibits negate its purported claim;

    b.) the transaction described by the Complaint is not one subject to subordination, pursuant to 11 U.S.C. § 510(b).

These matters are elucidated herein.

**JURISDICTION AND VENUE**

3. The Debtor-Plaintiffs (the "Jus Entities") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on August 19`, 2024.

4. The Debtors are continued in the possession of their property and operation of their business, as debtors in possession, pursuant to 11 U.S.C. §§ 1107 and 1108

5. This action was commenced on May 21, 2025.

6. A copy of the Complaint in this action is annexed hereto and incorporated herein as Exhibit "A."

7. This Court has jurisdiction over this motion, pursuant to 28 U.S.C. §§ 1334 And 157.

8. This motion is a "core proceeding" as that term is defined by 28 U.S.C. §157.

9. This Motion concerns a "public right."

10. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE COMPLAINT AND ITS CLAIM FOR RELIEF SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(6)

**Fed.R.Civ.P. 12(b)(6)**

11. Fed. R. Bankr. P. 7012 makes Fed. R. Civ. P. 12(b)(6) applicable to this adversary proceeding.

12. Fed. R. Civ. P. 12(b)(6) authorizes this Court to dismiss the Complaint for "failure to state a claim for which relief can be granted."

13. To defeat a motion to dismiss under 12(b)(6), a complaint must set forth a "plausible entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Conceivable claims are no longer sufficient. *Bell Atl., Id.* at 570, 127. S.Ct. 1955 (complaint should be dismissed under 12(b)(6) where "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible"). As interpreted by the Second Circuit, the plausibility requirement does not create a heightened pleading standard, but rather a flexible standard that "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty,* 490 F.3d 143, 157–158 (2d Cir.2007); *see Bell Atl.,* 550 U.S. at 555, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level."). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl., Id.* at 563, 127 S.Ct. 1955.

In assessing the adequacy of the complaint, the court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences

from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."*Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001) (*citing Tarshis v. Riese Org.,* 211 F.3d 30, 35 (2d Cir.2000)). The court's consideration is limited to the four corners of the complaint; documents attached to the complaint as exhibits or incorporated in it by reference; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which he had knowledge, on which plaintiff relied in bringing suit. *Brass v. Am. Film Tech., Inc.,* 987 F.2d 142, 150 (2d Cir.1993). A motion to dismiss under 12(b)(6) requires the court to evaluate a complaint's legal feasibility, "not to assay the weight of the evidence which might be offered in support thereof." *Amalgamated Bank of N.Y. v. Marsh,* 823 F.Supp. 209, 215 (S.D.N.Y.1993) (*quoting Ryder Energy Distribution Corp.v. Merrill Lynch Commodities Inc.,*748 F.2d 774, 779 (2nd Cir.1984)). *In re Khafaga* 419 B.R. 539, 545 (Bankr.E.D.N.Y 2009).

14. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974, 167 L.Ed. 2d at 949). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court need not consider allegations that are conclusory or subjective characterizations. *Iqbal*, 556 U.S. at 663 ("threadbare recitals of elements of a cause of action, supported by mere conclusory statements are not sufficient."); *Twombly*, 550 U.S. at 545 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

*In re Stephens*, 2023 WL 2636396, at *6 (Bankr. E.D.N.Y. Mar. 23, 2023)

15. The Complaint fails to satisfy this standard.

## THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

**The Complaint's Claim**

16. The Complaint asserts that Mr. Gill's claim is subject to subordination by 11 U.S.C. § 510(b) ("§ 510(b)") because:

> Gill's Claimed Investments are subordinated under §510(b) even if the claims are for recision or for damages when the Defendants have not

6

been unjustly enriched when the restitutionary claim equals the claim for damages.

Complaint: ¶ 33.

17. The Complaint (¶ 12) alleges that the complaint in Mr. Gill's previously filed action against the Debtors and their principal, Penny Sandhu (the "Gill Complaint") asserts twelve causes of action.

18. Yet, the Complaint discusses only nine causes of action (Complaint: ¶s 14-22).

19. Significantly, the Complaint omits the Gill Complaint's "Eleventh Count" for unjust enrichment (the "Unjust Enrichment Claim").

20. The Gill Complaint is annexed as Exhibit "D" to the Complaint.

21. The Complaint is "deemed to include any written instrument attached to it as an exhibit. *Fifield v. Eaton*, No. 07-CV-6521L, 2007 WL 4208318, at *2, fn 1 (W.D.N.Y. Nov. 21, 2007), citing, *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991).

22. This ommission is significant.

23. The Unjust Enrichment Claim is based on the funds provided to the Jus Entities and Penny Sandhu. (See, Gill Complaint ¶ 143, incorporating the Complaint's allegations about the funds Mr. Gill paid).

24. The Unjust Enrichment Claim contradicts Complaint ¶ 33's inference that the Debtors were not unjustly enriched.

**The Complaint's Own Contradictions**
**Defeat the Complaint**

25. Mr. Gill filed proofs of claim in this case, Complaint Exhibits "A," B" and "C" (the "Proofs of Claim").

26. The Proofs of Claim show the Jus Entities received or benefitted from $2,178,904.08 of Mr. Gill's funds.

27. No objection was asserted against any of the Proofs of Claim, despite this action providing an opportunity for doing so.

28. The Proofs of Claim "constitute *prima facie* evidence of the validity and amount of" Mr. Gill's claims." *Russo v. Wilmington Sav. Fund Soc'y, FSB*, No. 23-CV-08275 (OEM), 2025 WL 788932, at *4 (E.D.N.Y. Mar. 12, 2025). See also, FRBP 3001(f).

29. The Complaint's Proofs of Claim and Gill Complaint exhibits contradict, with evidence, the Complaint's conclusion at ¶ 33 that the Debtors "have not been unjustly enriched . . ."

30. "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *Cont'l Bldg. Prods. Operating Co., LLC v. Lafarge N. Am., Inc.*, No. 17 CIV. 2599 (AJN), 2018 WL 1583309, at *4 (S.D.N.Y. Mar. 27, 2018), citing, *ACE Sec. Corp. Home Equity Loan Tr. v. DB Structured Prods.*, 5 F. Supp. 3d 543, 551 (S.D.N.Y. 2014) and *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 592 (S.D.N.Y. 2013), and can result in the complaint's dismissal.

31. The Complaint's own exhibits negate the Complaint's premise and allegations.

32. The Complaint should be dismissed.

**§ 510(b) Does Not Apply Here**

33. Section 510(b) provides:

    For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under

section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

34. "A formulaic check-the-box approach to subordination under the statute is impossible. . . the policy rationales behind Section 510(b) must always guide its interpretation and application . ." *Matter of Linn Energy, L.L.C.*, 936 F.3d 334, 341 (5th Cir. 2019), citing, *In re Am. Hous. Found.*, 785 F.3d 143, 154 (5th Cir. 2015), as revised (June 8, 2015), *In re SeaQuest Diving, LP*, 579 F.3d 411, 421 (5th Cir. 2009), *In re Telegroup, Inc.*, 281 F.3d 133, 141 (3d Cir. 2002).

35. Regrettably, the Complaint employs a "formulaic" approach to the statute.

36. As shown herein, that flaw ultimately defeats the Complaint.

**Applying the Statute Verbatim**

37. Mr. Gill, Ms, Sandhu and the Debtors did not have a purchase or sale of the Debtors' equity securities.

38. No one purchased or sold the Debtors' equity securities.

39. No transaction was "rescinded."

10

40. "Rescission is defined as the act of abrogating, cancelling, vacating or annulling; the undoing of a thing." *Thieriot v. Jaspan Schlesinger Hoffman, LLP*, No. 07-CV-5315 TCP, 2013 WL 4547610, at *5 (E.D.N.Y. Aug. 27, 2013), on reconsideration, No. 07-CV-5315 DRH AKT, 2015 WL 507223 (E.D.N.Y. Feb. 6, 2015), citing, *Carlson v. Shepard Pontiac, Inc.*, 63 Misc.2d 994, 314 N.Y.S.2d 77, 80 (N.Y.Sup.Ct.1970). "The purpose of rescission is to restore the parties to the contract to the status, as nearly as may be possible, existing at the time immediately prior to the making of the contract." *Id.*

41. Mr. Gill was not restored to his prior status.

42. Ms. Sandhu obtained Mr. Gill's funds and directed them to the Debtors.

43. The Debtors' enjoyed and benefitted from Mr. Gill's funds.

44. Ms. Sandhu breached her agreement with Mr. Gill.

45. Ms. Sandhu benefitted from Mr. Gill's funds directly and by an increase of the Debtors' equity security interests' value.

46. Mr. Gill received nothing. See, Gill Complaint.

47. Nor does § 510(b) contemplate subordinating Mr. Gill's claim resulting from Ms. Sandhu's fraud.

48. Section § 510(b) contemplates subordinating claims resulting from debtors' frauds on their equity security holders. See, *In re Granite Partners, L.P.*, 208 B.R. 332, 334 (Bankr. S.D.N.Y. 1997), *In re Enron Corp.*, 341 B.R. 141, 150 (Bankr. S.D.N.Y. 2006)"Debtor fraudulently induced. . ."), *In re WorldCom, Inc.*, 329 B.R. 10, 12 (Bankr. S.D.N.Y. 2005)(". .damages occasioned by the Debtors' massive fraud. . ."), *In re NanoDynamics, Inc.*, No. 09-13438 K, 2015 WL 8602618, at *1, fn. (Bankr. W.D.N.Y. Dec. 11, 2015), aff'd sub nom. *Wallach v. Smith*, No. 15-CV-1080(LJV), 2017 WL 2957829 (W.D.N.Y. July 11, 2017), aff'd sub nom. *In re NanoDynamics, Inc.*, 735 F. App'x 762 (2d Cir. 2018)("additionally, 11 U.S.C. § 510(b) subordinates claims of equity holders in some cases which they assert that "fraud" was committed by a debtor.)

49. The Gill Complaint asserts claims against the Debtors.

50. However, Ms. Sandhu was the Debtors' principal.

51. Those claims result from Ms, Sandhu abusing her relationship with the Debtors and Mr. Gill.

52. It was Ms. Sandhu orchestrating her fraud while she was the Debtors' principal.

53. That fraud resulted in the Debtors being unjustly enriched.

54. In determining whether § 510(b) applies, *Lehman Brothers Holdings Inc.*, 855 F.3d 459, 472–478 (2d Cir. 2017) examined: (1) whether the claimant owns a security, (2) whether the claimant acquired the security through a purchase or sale, and (3) whether the claimant's damage claim arose from the purchase or rescission of the security).

55. The Complaint, ¶s 13, 14 29, acknowledges that Mr. Gill never owned a security.

56. The Complaint acknowledges that Mr. Gill never acquired a security from the Debtors or Penny Sandhu through a purchase or sale. *Id.* See, Gill Complaint.

57. Mr. Gill's claim against the Debtor did not arise from the purchase or rescission of a security.

58. It arose from the Debtor's being unjustly enriched. See: Gill Complaint, Eleventh Cause of Action, Complaint Exhibits "A," B" and "C"I

59. Unlike the Unjust Enrichment Claim, the "First Cause of Action" for fraudulent inducement, seeks relief against Penny Sandhu, only.

60. The relief sought from Penny Sandhu is "compelling Defendant to transfer 50% of her ownership interest in the Defendant Corporations to Plaintiff," plus monetary damages.

61. The Complaint recognizes:

> The [Gill]Complaint alleges fraudulent activities to mislead Gill into setting up a facade of partnership and for stalling litigation by means of Sandhu's duplicitous actions and these fraudulent acts caused Gill to advance funds on the express promise that the funds would be used for the purchase of 50% of Sandhu's stockholder interest (Complaint ¶ 65) and the promises were fraudulent inasmuch as the transfer never occurred (Complaint ¶ 67).

Complaint: ¶ 14.

62. Moreover, the Gill Complaint's Eleventh Cause of Action and the Proofs of Claim seek only to recover the amounts which Penny Sandhu caused Mr. Gill to advance to the Debtors.

63. Unlike a claim for securities fraud, Mr. Gill is not seeking to recover profits lost through his investment.

**The Complaint's Claim is Contrary to**
**§ 510(b) and Its Purpose**

64. The purpose of § 510(b) is:

> to prevent disfavored equity claims in bankruptcy from being disguised as higher-priority creditor claims. The Court rejected CIT's argument that "a causal connection between the claim and a securities transaction is enough to require subordination." *In re CIT Grp.*, 460 B.R. at 638–39. Rather, the Court observed, "claims should be subordinated if the claimant '(1) took on the risk and return expectations of a shareholder, rather than a creditor, or (2) seeks to recover a contribution to the equity pool presumably relied upon by creditors in deciding whether to extend credit to the debtor.'" *Id.* at 638 (quoting *In re Med Diversified*, 461 F.3d at 256).

*In re CIT Grp. Inc.*, 479 F. App'x 393, 395 (2d Cir. 2012).

65. The Complaint and Gill Complaint do not show that Mr. Gill took on the risk and return expectations of a shareholder, rather than a creditor.

66. Nor is it alleged that Mr. Gill "seeks to recover a contribution to the equity pool presumably relied upon by creditors in deciding whether to extend credit to the debtor."

67. The Second Circuit Court of Appeal acknowledged that, while interpreting § 510(b) broadly:

> . . .we acknowledge the outer boundaries of the statute's text and purpose. "Nothing in our rationale would require the subordination of a claim simply because the identity of the claimant happens to be a shareholder [or one who completed a bargain to become a shareholder], where the claim lacks any causal relationship to the purchase or sale of stock and when subordinating the claim[ ] would not further the policies underlying § 510(b)...." *In re Telegroup*, 281 F.3d at 144, n. 2.
>
> *In re Med Diversified, Inc.,* 461 F.3d 251, 259 (2d Cir. 2006)

68. While protecting against equity security holders attempting to elevate themselves, the Second Circuit noted its "equal concern for guarding against attempts by a bankruptcy debtor to clothe a general creditor in the garb of a shareholder. *Id.,* at 258.

69. That is what Ms. Sandhu and the Debtors are attempting.

70. This action is beyound the scope and intent of § 510(b).

71. The Complaint fails to state a claim for which relief can be granted.

72. The Complaint and this action should be dismissed.

**WHEREFORE**, the Defendant, Kashmir Gill, asks this Court to grant this Motion and issue orders: a.) dismissing this action; and b.) granting such other and further relief as this Court deems proper.

Dated: Becket, MA
      July 28, 2025

                      JACOBS, P.C.
*Attorneys for the Defendant, Kashmir Gil*
717 Fifth Avenue - 17th Floor
New York, NY 10022
(212) 229-0476

By:___/s/ *Wayne M. Greenwald*___Sr. Counsel
        Wayne M. Greenwald

# VERIFICATION

Wayne Greenwald declares

1. I am senior counsel to the firm of Jacobs P.C. which is the Defendant's attorneys in this case.

2. I have personal knowledge of the facts stated in herein based on my own participation in this case and Jacobs P.C's records.

3. I read the foregoing Motion to Dismiss know its contents and same are true to the best of my knowledge and belief, except for those matters which are alleged upon information and belief and as to those matters, I believe them to be true.

4. I declare the foregoing statement of facts to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746

Dated: Becket, MA
July 28, 2025

/s/  Wayne M. Greenwald
Wayne M. Greenwald